**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**DANA LEWIS**                                                           **PETITIONER**

**v.**                                  **4:19-CV-00324-BRW-JTR**

**UNITED STATES**                                               **RESPONDENT**

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the entry of this Recommendation. The failure to timely file objections may result in waiver of the right to appeal questions of fact.

## I. Discussion

On May 3, 2019, Petitioner, Dana Lewis ("Lewis") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Doc. 1.*   Because Lewis did not pay the $5.00 filing fee or file a Motion to Proceed *In Forma Pauperis*, the Court did not order service of the Petition.

Instead, on May 9, 2019, the Court entered an Order giving Lewis until June 10, 2019, to: (1) either pay the $5.00 filing fee in full, or file a properly completed

Application to Proceed *In Forma Pauperis*;  (2)  complete and return the form §
2241 petition provided to him;  and (3)  name a proper Respondent.  *Doc. 2*.  The
Court advised Lewis that if he failed "to timely and properly comply with this
Order," his habeas action would "be dismissed, without prejudice, pursuant to Local
Rule 5.5(c)(2)."[1]  *Id.*

Lewis failed to respond to the Court's May 9th Order,[2] and the deadline for
doing so has passed.  Thus, Lewis has violated his obligations under Local Rule
5.5(c)(2), ignored a Court Order, and failed to prosecute this action diligently.[3]

---

[1]  Rule 5.5(c)(2) of the Local Rules of the United States District Court for the Eastern and
Western Districts of Arkansas provides:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently.
> A party appearing for himself/herself shall sign his/her pleadings and state his/her
> address, zip code, and telephone number. *If any communication from the Court to
> a pro se plaintiff is not responded to within thirty (30) days, the case may be
> dismissed without prejudice*. Any party proceeding pro se shall be expected to be
> familiar with and follow the Federal Rules of Civil Procedure.

(emphasis added).

[2]  A review of the electronic docket sheet for this case indicates that the May 9th Order
was *not* returned to the Court.  Thus, there is no reason to believe that the Order failed to reach
Lewis.

[3]  Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed for
failure to prosecute or comply with court orders.

## II. Conclusion

IT IS THEREFORE RECOMMENDED THAT Petitioner Lewis's Petition for Writ of Habeas Corpus, *Doc. 1*, be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) and Local Rule 5.5(c)(2).

Dated this 11th day of June, 2019.

_____
UNITED STATES MAGISTRATE JUDGE